**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

**MIRROR IMAGING, LLC,**

**Plaintiff,**

**v.**

**JPMORGAN CHASE BANK, N.A.,**

**Defendant.**

**Case No. 6:21-cv-0464-ADA**

**JPMORGAN CHASE BANK, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant JPMorgan Chase Bank, N.A. ("Chase Bank"), by and through the undersigned attorneys, for its Answer and Affirmative Defenses to the Complaint for Patent Infringement filed on May 4, 2021 ("Complaint") by Plaintiff Mirror Imaging, LLC ("Plaintiff") admits and denies as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Chase Bank denies each and every allegation, matter, or thing contained in the Complaint and states in response to each of the numbered paragraphs of said Complaint as follows:

**THE PARTIES**

1. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis Chase Bank denies them.

2. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis Chase Bank denies them.

3. Chase Bank admits that it is an Ohio corporation with a principal place of business at 1111 Polaris Parkway, Columbus, Ohio. Chase Bank admits that it maintains a

registered agent called C T Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 3.

**JURISDICTION AND VENUE**

4. Chase Bank admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 4, and specifically denies that it has committed or is committing any act of patent infringement.

5. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 5, and specifically denies that it has committed or is committing any act of patent infringement.

6. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 6, and specifically denies that it has committed or is committing any act of patent infringement.

7. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 7, and specifically denies that it has committed or is committing any act of patent infringement.

8. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each

and every allegation in Paragraph 8, and specifically denies that it has committed or is committing any act of patent infringement.

9. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 9, and specifically denies that it has committed or is committing any act of patent infringement.

10. Chase Bank admits, for purposes of this action only, that this Court has specific personal jurisdiction over Chase Bank. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 10, and specifically denies that it has committed or is committing any act of patent infringement.

11. Chase Bank admits, for purposes of this action only, that venue in this Court is proper, although Chase Bank expressly reserves the right to contest whether the Western District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 11, and specifically denies that it has committed or is committing any act of patent infringement.

## PATENTS-IN-SUIT

12. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and on that basis Chase Bank denies them.

13. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis Chase Bank denies them.

14. Paragraph 14 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 14.

15. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and on that basis Chase Bank denies them.

16. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis Chase Bank denies them.

17. Paragraph 17 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 17.

18. Chase Bank admits that the '447 Patent states: "These financial documents are typically stored on microfiche, microfilm, digitally, or by some other electronic storage means. Further, these financial documents are typically electronically-stored in an on-site storage system located at the financial institution or in an off-site storage system." at 1:45-51. Chase Bank admits that the '447 Patent states: "Typically, all requests for a particular period are grouped together and subsequently downloaded for retrieval of the requested image by the financial institution. The financial institution retrieves the image, e.g. a photocopy of the check, and then distributes the photocopy to the client via facsimile, mail or hand delivery. The storing, downloading, and retrieving of the financial document, including the reproduction and the distribution of the document, are known in the industry as back office production. Back office production for financial institutions is particularly resource intensive, time consuming, and expensive. Also, back office production becomes increasingly expensive if the client requests a particularly old financial document because older financial documents frequently require more resources and time to locate and retrieve." at 2:1-15. Chase Bank admits that the '447 Patent states: "Other financial institutions do electronically store financial documents in on-site and off-site storage systems. However, the methods utilized by these financial institutions to access

the financial documents stored in the off-site storage system are deficient in that the interface utilized in such methods is only inter-linked with the on-site storage system. That is, there is no interface independently inter-linked with the off-site storage system. As a result, the financial documents stored in the off-site storage system can not be efficiently accessed. These financial institutions are still responsible for retrieving the requested financial documents through their back office production and their expenses remain high. One such method of retrieving documents from on-site and off-sited storage systems is disclosed in U.S. Pat. No. 5,784,610 to Copeland, III et al. Due to the inefficiencies identified in the conventional methods used by financial institutions to obtain financial documents, it is desirable to implement a method for a financial institution to obtain electronically-stored financial documents from both on-site and off-site storage systems that reduces, if not eliminates, the back office production of the financial institution by providing a direct interface inter-linked with the off-site storage system. With such an interface, the responsibility for retrieving financial documents from the off-site storage can be outsourced to third party entities while still providing the financial institution with efficient access to any financial documents electronically-stored in the off-site storage system." at 2:25-52. Except as expressly admitted, Paragraph 18 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 18.

19. Chase Bank admits that the '447 Patent states: "The methods introduced herein enable the financial institution to obtain the financial document from one of a first or an off-site storage system and a second or an on-site storage system with the storage systems being different from each other. Preferably, the on-site storage system is located at the financial institution and the off-site storage system is located at a remote location distant from the financial institution.

This allows the financial institution to 'outsource' the responsibilities associated with obtaining the financial document." at 9:37-46. Except as expressly admitted, Paragraph 19 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 20.

21. Paragraph 21 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 21.

22. Paragraph 22 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 22.

23. Paragraph 23 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 23.

24. Chase Bank admits that the '447 Patent states: "The financial documents are typically stored on microfiche, microfilm, digitally, or by some other electronic storage means. As appreciated, the electronic storage of the financial documents is frequently created by taking an electronic photo image of the document and storing the photo image in a computer system. One such digital electronic storage device is sold by Kodak under the name of IMAGELINK™ Digital Workstation (IDW). Electronic storage of these financial documents permits banks to eliminate storage of paper or 'hard' copies of these documents. The electronic storage of these

documents also provides an efficient means of retrieving the information from the on-site and off-site storage systems. This will be discussed further herein below." at 10:11-24. Chase Bank admits that the '447 Patent states: "Referring now to FIG. 3, after the request is categorized, the request is verified for completeness and accuracy. If the request is not complete then additional data is retrieved. The additional data is retrieved by using a sequence number retrieval system and/or an all items research system. Once the request is complete and accurate, then the image reference number can be determined. That is, once the request is complete and accurate, then the requested financial document can be electronically located in the on-site storage system. The reference number may be a routing, sequence, or any other type of indicator. The reference number is determined by the image control system. The image control system is an image retrieval and routing management system which works in conjunction with Kodak's IMAGELINK™ Digital Workstations (IDW). Specifically, the image control system first connects to a network node. The network node is any type of storage device as is known in the art. Preferably a Kodak network node is used. The network node drives the IDW to find the location of the image by using the reference number. Specifically, the employee is prompted to verify that the correct media is loaded in the IDW such that the IDW can locate the image. The reference number for the document is known and the document image is now verified and located." at 14:52-15:8. Except as expressly admitted, Paragraph 24 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 25.

26. Paragraph 26 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 26.

27. Paragraph 27 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 27.

28. Paragraph 28 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 28.

29. Chase Bank denies each and every allegation set forth in Paragraph 29, and specifically denies that it has committed or is committing any act of patent infringement.

30. Chase Bank admits that the '275 Patent states: "An electronically stored financial document is either maintained in a first storage system when a parameter associated with the document is greater than a pre-selected parameter or in a second storage system when the parameter associated with the document is less than or equal to the pre-selected parameter. A request for a stored financial document is received and the requested financial document parameter is compared to the pre-selected financial document parameter to determine if the electronically stored financial document's parameter is more than, less than, or equal to the pre-selected parameter. In processing the request, a processing unit compares and electronically accesses one of the storage systems in response to the comparison of the pre-selected parameter to the electronically stored financial document's parameters. After accessing the appropriate storage system, the requested electronically stored financial document can be reproduced, and/or distributed." at Abstract. Except as expressly admitted, Paragraph 30 states legal conclusions

and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 30.

31. Chase Bank admits that the ’435 Patent states: “An electronically stored financial document is either maintained in a first storage system when a parameter associated with the document is greater than a pre-selected parameter or in a second storage system when the parameter associated with the document is less than or equal to the pre-selected parameter. A request for a stored financial document is received and the requested financial document parameter is compared to the pre-selected financial document parameter to determine if the electronically stored financial document’s parameter is more than, less than, or equal to the pre-selected parameter. By using an interlinked interface, an electronic processor compares and electronically accesses one of the storage systems in response to the comparison of the pre-selected parameter to the electronically stored financial document’s parameters. After accessing the appropriate storage system, the requested electronically stored financial document can be reproduced, and/or distributed.” at Abstract. Except as expressly admitted, Paragraph 31 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 31.

32. Chase Bank admits that the ’009 Patent states: “An electronically stored financial document is either maintained in a first storage system when a parameter associated with the document is greater than a pre-selected parameter or in a second storage system when the parameter associated with the document is less than or equal to the pre-selected parameter. A request for a stored financial document is received and the requested financial document parameter is compared to the pre-selected financial document parameter to determine if the electronically stored financial document’s parameter is more than, less than, or equal to the pre-

selected parameter. By using an interlinked interface, at least one electronic processor compares and electronically accesses one of the storage systems in response to the comparison of the pre-selected parameter to the electronically stored financial document's parameters. After accessing the appropriate storage system, the requested electronically stored financial document can be reproduced, and/or distributed." at Abstract. Except as expressly admitted, Paragraph 32 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 32.

33. Chase Bank admits that the '447 Patent states: "An electronically stored financial document is either maintained in a first storage system when a parameter associated with the document is greater than a pre-selected parameter or in a second storage system when the parameter associated with the document is less than or equal to the pre-selected parameter. A request for a stored financial document is received and the requested financial document parameter is compared by the at least one electronic processor to the pre-selected financial document parameter to determine if the electronically stored financial document's parameter is more than, less than, or equal to the pre-selected parameter after the request is received. By using an interlinked interface, at least one electronic processor compares and electronically accesses one of the storage systems in response to the comparison of the pre-selected parameter to the electronically stored financial document's parameters. After accessing the appropriate storage system, the requested electronically stored financial document can be reproduced, and/or distributed." at Abstract. Except as expressly admitted, Paragraph 33 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies all remaining allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 34.

35. Paragraph 35 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 35.

36. Paragraph 36 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 36.

37. Paragraph 37 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 37.

38. Paragraph 38 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 38.

39. Chase Bank admits that the '275 Patent lists Scott A Waldron as the Primary Examiner; lists Andalib Lodhi as the Assistant Examiner; and lists G06F 17/30442, G06F 17/30504, G06F 17/30268, G06F 17/30008, G06F 17/30011, G06F 17/30067, G06F 17/30064, and G06Q 40/00 as the Field of Classification Search. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 39.

40. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and on that basis Chase Bank denies them.

41. Paragraph 41 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 41.

42. Chase Bank admits that the ’435 Patent lists Scott A Waldron as the Primary Examiner; lists Andalib F T Lodhi as the Assistant Examiner; and lists G06F 17/30247, G06F 17/30011, G06F 17/30864, G06F 17/30064, G06F 17/30067, G06F 17/30504, G06F 17/3028, and G06Q 40/02 as the Field of Classification Search. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 42.

43. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on that basis Chase Bank denies them.

44. Paragraph 44 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 44.

45. Chase Bank admits that the ’009 Patent lists Pierre M Vital as the Primary Examiner; lists Andalib F Lodhi as the Assistant Examiner; and lists G06F 17/30247, G06F 17/30011, G06F 17/30064, G06F 17/30067, G06F 17/30268, G06F 17/30422, and G06Q 40/02 as the Field of Classification Search. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 45.

46. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and on that basis Chase Bank denies them.

47. Paragraph 47 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 47.

48. Chase Bank admits that the '447 Patent lists Pierre M Vital as the Primary Examiner; lists Andalib F Lodhi as the Assistant Examiner; and lists G06F 16/583, G06F 16/24562, G06F 16/2308, G06F 16/93, G06F 16/2453, G06F 16/5866, G06F 16/10, G06F 16/447, G06Q 40/00, G06Q 40/02 and 707/769 as the Field of Classification Search. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 48.

49. Chase Bank is without information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and on that basis Chase Bank denies them.

50. Paragraph 50 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 50.

51. Paragraph 51 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 51.

**THE ACCUSED INSTRUMENTALITIES**

52. Chase Bank admits that the screenshots included in Paragraph 52 from https://www.chase.com/personal/mobile-online-banking/login-paperless/paperless-faqs, chase.com/content/dam/chasecom/en/checking/documents/deposit_account_agreement.pdf, https://www.chase.com/personal/credit-cards/card-resource-center/statements, https://www.chase.com/content/feed/public/creditcards/cma/Chase/COL00067.pdf, https://www.chase.com/personal/mortgage/new-statements, https://www.chase.com/content/dam/chase-ux/documents/personal/mobile-onlinebanking/paperless_mobile.pdf, and https://www.chase.com/content/dam/chase-ux/documents/commercial-banking/chaseconnect/cc_quickguide_statements_images.pdf are

excerpts from a Chase Bank website. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 52.

**FIGURE GROUP A**

53. Chase Bank admits that the screenshots included in Paragraph 53 from https://www.chase.com/personal/checking/view-checks and https://www.chase.com/personal/checking/view-checks are excerpts from a Chase Bank website. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 53.

**FIGURE GROUP B**

54. Chase Bank denies each and every allegation set forth in Paragraph 54, and specifically denies that it has committed or is committing any act of patent infringement.

55. Paragraph 55 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 55.

56. Paragraph 56 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 56.

57. Paragraph 57 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 57.

**COUNT I**
**[Alleged] Infringement of U.S. Patent No. 9,928,275**

58. Chase Bank incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1-57 as if specifically set forth herein. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 58.

59. Paragraph 59 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 59.

60. Paragraph 60 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 60.

61. Chase Bank denies each and every allegation set forth in Paragraph 61, and specifically denies that it has committed or is committing any act of patent infringement.

62. Chase Bank denies each and every allegation set forth in Paragraph 62, and specifically denies that it has committed or is committing any act of patent infringement.

63. Chase Bank denies each and every allegation set forth in Paragraph 63, and specifically denies that it has committed or is committing any act of patent infringement.

64. Chase Bank denies each and every allegation set forth in Paragraph 64, and specifically denies that it has committed or is committing any act of patent infringement.

**FIGURE GROUP C**

65. Chase Bank denies each and every allegation set forth in Paragraph 65, and specifically denies that it has committed or is committing any act of patent infringement.

66. Chase Bank denies each and every allegation set forth in Paragraph 66, and specifically denies that it has committed or is committing any act of patent infringement.

67. Chase Bank denies each and every allegation set forth in Paragraph 67, and specifically denies that it has committed or is committing any act of patent infringement.

68. Chase Bank denies each and every allegation set forth in Paragraph 68, and specifically denies that it has committed or is committing any act of patent infringement.

69. Chase Bank denies each and every allegation set forth in Paragraph 69, and specifically denies that it has committed or is committing any act of patent infringement.

70. Chase Bank denies each and every allegation set forth in Paragraph 70, and specifically denies that it has committed or is committing any act of patent infringement.

71. Chase Bank denies each and every allegation set forth in Paragraph 71, and specifically denies that it has committed or is committing any act of patent infringement.

72. Chase Bank denies each and every allegation set forth in Paragraph 72, and specifically denies that it has committed or is committing any act of patent infringement.

73. Chase Bank denies each and every allegation set forth in Paragraph 73, and specifically denies that it has committed or is committing any act of patent infringement.

74. Chase Bank denies each and every allegation set forth in Paragraph 74, and specifically denies that it has committed or is committing any act of patent infringement.

75. Chase Bank denies each and every allegation set forth in Paragraph 75, and specifically denies that it has committed or is committing any act of patent infringement.

76. Paragraph 76 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 76.

77. Chase Bank denies each and every allegation set forth in Paragraph 77, and specifically denies that it has committed or is committing any act of patent infringement.

**COUNT II**
**[Alleged] Infringement of U.S. Patent No. 10,013,435**

78. Chase Bank incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1-77 as if specifically set forth herein. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 78.

79. Paragraph 79 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 79.

80. Paragraph 80 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 80.

81. Chase Bank denies each and every allegation set forth in Paragraph 81, and specifically denies that it has committed or is committing any act of patent infringement.

82. Chase Bank denies each and every allegation set forth in Paragraph 82, and specifically denies that it has committed or is committing any act of patent infringement.

83. Chase Bank denies each and every allegation set forth in Paragraph 83, and specifically denies that it has committed or is committing any act of patent infringement.

84. Chase Bank denies each and every allegation set forth in Paragraph 84, and specifically denies that it has committed or is committing any act of patent infringement.

85. Chase Bank denies each and every allegation set forth in Paragraph 85, and specifically denies that it has committed or is committing any act of patent infringement.

86. Chase Bank denies each and every allegation set forth in Paragraph 86, and specifically denies that it has committed or is committing any act of patent infringement.

87. Chase Bank denies each and every allegation set forth in Paragraph 87, and specifically denies that it has committed or is committing any act of patent infringement.

88. Chase Bank denies each and every allegation set forth in Paragraph 88, and specifically denies that it has committed or is committing any act of patent infringement.

89. Chase Bank denies each and every allegation set forth in Paragraph 89, and specifically denies that it has committed or is committing any act of patent infringement.

90. Chase Bank denies each and every allegation set forth in Paragraph 90, and specifically denies that it has committed or is committing any act of patent infringement.

91. Chase Bank denies each and every allegation set forth in Paragraph 91, and specifically denies that it has committed or is committing any act of patent infringement.

92. Chase Bank denies each and every allegation set forth in Paragraph 92, and specifically denies that it has committed or is committing any act of patent infringement.

93. Chase Bank denies each and every allegation set forth in Paragraph 93, and specifically denies that it has committed or is committing any act of patent infringement.

94. Chase Bank denies each and every allegation set forth in Paragraph 94, and specifically denies that it has committed or is committing any act of patent infringement.

95. Chase Bank denies each and every allegation set forth in Paragraph 95, and specifically denies that it has committed or is committing any act of patent infringement.

96. Paragraph 96 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 96.

97. Chase Bank denies each and every allegation set forth in Paragraph 97, and specifically denies that it has committed or is committing any act of patent infringement.

**COUNT III**
**[Alleged] Infringement of U.S. Patent No. 10,262,009**

98. Chase Bank incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1-97 as if specifically set forth herein. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 98.

99. Paragraph 99 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 99.

100. Paragraph 100 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 100.

101. Chase Bank denies each and every allegation set forth in Paragraph 101, and specifically denies that it has committed or is committing any act of patent infringement.

102. Chase Bank denies each and every allegation set forth in Paragraph 102, and specifically denies that it has committed or is committing any act of patent infringement.

103. Chase Bank denies each and every allegation set forth in Paragraph 103, and specifically denies that it has committed or is committing any act of patent infringement.

104. Chase Bank denies each and every allegation set forth in Paragraph 104, and specifically denies that it has committed or is committing any act of patent infringement.

105. Chase Bank denies each and every allegation set forth in Paragraph 105, and specifically denies that it has committed or is committing any act of patent infringement.

106. Chase Bank denies each and every allegation set forth in Paragraph 106, and specifically denies that it has committed or is committing any act of patent infringement.

107. Chase Bank denies each and every allegation set forth in Paragraph 107, and specifically denies that it has committed or is committing any act of patent infringement.

108. Chase Bank denies each and every allegation set forth in Paragraph 108, and specifically denies that it has committed or is committing any act of patent infringement.

109. Chase Bank denies each and every allegation set forth in Paragraph 109, and specifically denies that it has committed or is committing any act of patent infringement.

110. Chase Bank denies each and every allegation set forth in Paragraph 110, and specifically denies that it has committed or is committing any act of patent infringement.

111. Chase Bank denies each and every allegation set forth in Paragraph 111, and specifically denies that it has committed or is committing any act of patent infringement.

112. Chase Bank denies each and every allegation set forth in Paragraph 112, and specifically denies that it has committed or is committing any act of patent infringement.

113. Chase Bank denies each and every allegation set forth in Paragraph 113, and specifically denies that it has committed or is committing any act of patent infringement.

114. Chase Bank denies each and every allegation set forth in Paragraph 114, and specifically denies that it has committed or is committing any act of patent infringement.

115. Chase Bank denies each and every allegation set forth in Paragraph 115, and specifically denies that it has committed or is committing any act of patent infringement.

116. Paragraph 116 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 116.

117. Chase Bank denies each and every allegation set forth in Paragraph 117, and specifically denies that it has committed or is committing any act of patent infringement.

**COUNT IV**
**[Alleged] Infringement of U.S. Patent No. 10,402,447**

118. Chase Bank incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1-117 as if specifically set forth herein. Except as expressly admitted, Chase Bank denies each and every allegation in Paragraph 118.

119. Paragraph 119 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 119.

120. Paragraph 120 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 120.

121. Chase Bank denies each and every allegation set forth in Paragraph 121, and specifically denies that it has committed or is committing any act of patent infringement.

122. Chase Bank denies each and every allegation set forth in Paragraph 122, and specifically denies that it has committed or is committing any act of patent infringement.

123. Chase Bank denies each and every allegation set forth in Paragraph 123, and specifically denies that it has committed or is committing any act of patent infringement.

124. Chase Bank denies each and every allegation set forth in Paragraph 124, and specifically denies that it has committed or is committing any act of patent infringement.

125. Chase Bank denies each and every allegation set forth in Paragraph 125, and specifically denies that it has committed or is committing any act of patent infringement.

126. Chase Bank denies each and every allegation set forth in Paragraph 126, and specifically denies that it has committed or is committing any act of patent infringement.

127. Chase Bank denies each and every allegation set forth in Paragraph 127, and specifically denies that it has committed or is committing any act of patent infringement.

128. Chase Bank denies each and every allegation set forth in Paragraph 128, and specifically denies that it has committed or is committing any act of patent infringement.

129. Chase Bank denies each and every allegation set forth in Paragraph 129, and specifically denies that it has committed or is committing any act of patent infringement.

130. Chase Bank denies each and every allegation set forth in Paragraph 130, and specifically denies that it has committed or is committing any act of patent infringement.

131. Chase Bank denies each and every allegation set forth in Paragraph 131, and specifically denies that it has committed or is committing any act of patent infringement.

132. Chase Bank denies each and every allegation set forth in Paragraph 132, and specifically denies that it has committed or is committing any act of patent infringement.

133. Chase Bank denies each and every allegation set forth in Paragraph 133, and specifically denies that it has committed or is committing any act of patent infringement.

134. Chase Bank denies each and every allegation set forth in Paragraph 134, and specifically denies that it has committed or is committing any act of patent infringement.

135. Chase Bank denies each and every allegation set forth in Paragraph 135, and specifically denies that it has committed or is committing any act of patent infringement.

136. Paragraph 136 states legal conclusions and opinions to which no response is required. To the extent a response is required, Chase Bank denies each and every allegation in Paragraph 136.

137. Chase Bank denies each and every allegation set forth in Paragraph 137, and specifically denies that it has committed or is committing any act of patent infringement.

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

To the extent a response is required, Chase Bank denies that Plaintiff is entitled to any of its requested relief. Chase Bank specifically denies that it has infringed or is infringing any of the patents-in-suit, either literally or under the doctrine of equivalents; specifically denies that Plaintiff is entitled to any award of damages, past, future, or otherwise; specifically denies that Plaintiff is entitled to costs, attorneys' fees, expenses, or interest; and specifically denies that Plaintiff is entitled to any other relief in this action.

## **JURY DEMAND**

To the extent a response is required, Chase Bank admits that Plaintiff's Complaint contains a request for a jury trial.

## **GENERAL DENIAL**

To the extent that any allegations of the Complaint are not specifically admitted, Chase Bank hereby denies them.

## **AFFIRMATIVE DEFENSES**

1. Without admitting or acknowledging that Chase Bank bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Chase Bank pleads the following defenses:

### **FIRST DEFENSE**

2. Chase Bank has not infringed, and does not infringe, any valid and enforceable claim of the patents-in-suit under any theory of infringement.

**SECOND DEFENSE**

3. The claims of each of the patents-in-suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., including at least sections 101, 102, 103, and 112.

**THIRD DEFENSE**

4. Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

**FOURTH DEFENSE**

5. Plaintiff is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

**FIFTH DEFENSE**

6. Plaintiff's claims for relief are barred or limited under the doctrines of exhaustion, first sale, implied license, full compensation, or restrictions against double recovery.

**SIXTH DEFENSE**

7. To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**SEVENTH DEFENSE**

8. Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**EIGHTH DEFENSE**

9. Plaintiff's claims are barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the patents-in-suit to mark relevant products as required by 35 U.S.C. § 287.

**NINTH DEFENSE**

10. To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of any patent-in-suit, Plaintiff's claims are barred by a lack of standing.

**TENTH DEFENSE**

11. Plaintiff has failed to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

12. Chase Bank reserves the right to assert additional defenses that it learns of through discovery in this action.

**CHASE BANK'S DEMAND FOR A JURY TRIAL**

13. Chase Bank hereby demands a jury trial on all issues so triable.

**CHASE BANK'S PRAYER FOR RELIEF**

14. Having answered Plaintiff's Complaint and having asserted affirmative defenses, Chase Bank respectfully seeks the following relief:

a. A judgment that Chase Bank has not infringed any of the patents-in-suit;

b. A judgment that the patents-in-suit are invalid and/or unenforceable against Chase Bank;

c. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Chase Bank its attorneys' fees and prejudgment interest, and an award to Chase Bank of all of their costs of this action; and

d. Such other relief as the Court shall deem just and proper.

Dated: July 1, 2021

Respectfully submitted,

*/s/ Ryan K. Yagura*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Laura Bayne Gore (*Pro Hac Vice*)
lbayne@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower, 7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061

***Attorneys for Defendant***
***JPMorgan Chase Bank, N.A.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on July 1, 2021.

*/s/ Ryan K. Yagura*
Ryan K. Yagura